UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOAQUIN Q. ATALIG,<br><br>            Plaintiff - Appellant,<br><br>  v.<br><br>UNITED STATES OF AMERICA;<br>BARACK OBAMA; JANET<br>NAPOLITANO; KEN SALAZAR;<br>HILLARY RODHAM CLINTON; HILDA<br>L. SOLIS; ERIC H. HOLDER, Jr.,<br>Attorney General, in their official<br>capacities,<br><br>            Defendants - Appellees. | No. 12-17791<br><br>D.C. No. 1:11-cv-00023<br>District of the Northern Mariana<br>Islands<br><br><br>ORDER |

Before: HAWKINS, McKEOWN, and BEA, Circuit Judges.

      The memorandum filed on February 25, 2014, is hereby amended. The

pending petition for panel rehearing and rehearing en banc is denied. No further

petitions shall be entertained.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 16 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOAQUIN Q. ATALIG, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> UNITED STATES OF AMERICA; BARACK OBAMA; JANET NAPOLITANO; KEN SALAZAR; HILLARY RODHAM CLINTON; HILDA L. SOLIS; ERIC H. HOLDER, Jr., Attorney General, in their official capacities, <br><br> Defendants - Appellees. | No. 12-17791 <br><br> D.C. No. 1:11-cv-00023 <br><br><br> AMENDED MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern Mariana Islands
Ramona V. Manglona, Chief District Judge, Presiding

Submitted February 19, 2014[**]
Honolulu, Hawai‘i

Before: HAWKINS, McKEOWN, and BEA, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Atalig appeals from the district court's dismissal of his suit challenging the Consolidated National Resources Act of 2008 ("CNRA"), which applied United States immigration law to the Commonwealth of the Northern Mariana Islands ("CNMI").  48 U.S.C. § 1806 (2013).  Atalig alleged that the CNRA interfered with the CNMI citizens' right of self-government and right to vote.  In response to a motion to dismiss on the basis of res judicata, the district court sua sponte held that it lacked subject matter jurisdiction because Atalig had not alleged a sufficient injury to establish Article III standing.  The district court denied a motion for leave to amend the complaint on the basis that the proposed amendments were futile and dismissed the action.  We affirm.

A federal court has an obligation to assure itself of jurisdiction before proceeding to the merits by, in addition to other things, inquiring into whether the plaintiff has standing to sue under Article III of the Constitution.  *Lance v. Coffman,* 549 U.S. 437, 439 (2007).  To establish standing, the complaint must allege facts sufficient to establish that the plaintiff has suffered injury in fact, "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal citations and quotation marks

omitted).  Alleging a "generalized grievance" is insufficient.  *Lance*, 549 U.S. at 439–40.

The allegations in Atalig's complaint and proposed amended complaint do not establish that the he suffered injury in fact.  Atalig argues that he was injured because under the CNRA he cannot affect immigration policy through his vote.  He also argues that the amended complaint would have demonstrated injury in fact because it alleged, in addition to other facts, that Atalig employs a foreign national on whose behalf he applied for a visa and that he has an interest in voting on immigration policy in the CNMI.  These alleged injuries do not establish particularized injury in fact.  The CNRA affects Atalig and the rest of the CNMI voting population in the same way.  His alleged injuries are "precisely the kind of undifferentiated, generalized grievance[s] about the conduct of government that we have refused to countenance in the past."  *See Lance*, 549 U.S. at 442.

Similarly, Atalig's reliance on voter-standing cases, *see, e.g.*, *Baker v. Carr*, 369 U.S. 186 (1962), is misplaced because he does not argue that his vote has been diluted or discounted due to the CNRA.  Nothing in the complaint would establish that he has been personally aggrieved by the CNRA.  *See Braunstein v. Ariz. Dep't of Transp.*, 683 F.3d 1177, 1185 (9th Cir. 2012).  Nor would the amended complaint have cured the defects that the district court identified.  The district court

rightly denied the request to amend. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998).

Finally, Atalig raises in a footnote that the Trusteeship Agreement for the Northern Mariana Islands, is "a source of individual legal rights, which individual beneficiaries of the trust have standing to sue to enforce" under *People of Saipan v. United States Department of the Interior*, 502 F.2d 90 (9th Cir. 1974). Atalig does not further address the Trusteeship Agreement, and he does not explain how, if at all, the CNRA impacts any rights under the Trusteeship Agreement. Accordingly, this issue is not properly before us on appeal. *See Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n.4 (9th Cir. 1996) ("The summary mention of an issue in a footnote, without reasoning in support of the appellant's argument, is insufficient to raise the issue on appeal.").

**AFFIRMED.**